NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRICK L. HARRIS,  :<br>:<br>Plaintiff,  :<br>:<br>v.  :<br>:<br>PUBLIC SERVICE ELECTRIC AND GAS  :<br>COMPANY,  :<br>:<br>Defendant.  :<br>:<br>:  | Civil Action No. 05-2003 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

      This matter comes before the Court upon the Motion for Reconsideration filed by Defendant Public Service Electric & Gas Company ("PSE&G") (docket item # 37) of this Court's discovery Order of October 13, 2006.  This Court has considered the submissions by the parties in connection with this motion, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motion based on the papers submitted.  For the reasons discussed below, this Court denies PSE&G's motion for reconsideration.

**I.      BACKGROUND**

      This Title VII employment discrimination action stems out of Plaintiff's allegations that PSE&G denied him a promotion based on his race.  Plaintiff, Merrick Harris, is a black male who worked at PSE&G as a Meter Station Supervisor at the time he applied for the position of Senior Supervisor in September 2003.  Mr. Harris was interviewed for the position by Jack

Zeraga, who manages PSE&G's Metering and Regulating Department, and Jack Hainthaler, who manages PSE&G's Gas System Operations Department. The Complaint states that the position was not offered to Mr. Harris but instead offered first to one white male, who turned down the offer, and then to another white male, who accepted.

The instant motion seeks reconsideration of the Court's October 13, 2006 Order directing PSE&G to identify each individual hired or promoted by Jack Zerega and/or by Jack Hainthaler within the ten years preceding September 15, 2006 by (a) his/her name and race; (b) date of hire or promotion; (c) position for which hired or promoted; and (d) prior position. (Hereinafter, the subject order will be referred to as the "October 13 Order.") Although this motion concerns a fairly recent order, the discovery dispute at issue stretches back in time to December 2005, when Plaintiff raised the matter before Magistrate Judge Falk during a teleconference. Plaintiff sought to compel Defendant to provide responses to various interrogatories and document requests to which Defendant had objected. The matter was briefed, and on February 3, 2006, following oral argument, Judge Falk entered an Order denying Plaintiff's motion to overrule PSE&G's objections to the disputed discovery requests. On or about February 14, 2006, Plaintiff filed a motion for reconsideration of the February 3, 2006 Order. Judge Falk heard argument on the motion on May 2, 2006 and granted the motion without ruling on the scope of discovery which PSE&G was required to provide. Although the parties submitted proposed forms of Order following oral argument, the parties disagreed on the scope of discovery PSE&G was ordered to produce. The Court ordered further briefing as to the appropriate scope of the discovery. The scope issue was still an open one when the case was re-assigned to the undersigned.

The parties addressed the unresolved discovery dispute at the September 21, 2006 status/settlement conference held before this Court. The Court directed PSE&G to provide discovery as set forth above, and on October 13, 2006 issued an Order memorializing this directive and disposing of Plaintiff's motion for reconsideration. Defendant PSE&G timely filed the instant motion for reconsideration of the October 13 Order.

**II.    DISCUSSION**

    **A.    Legal Standard for Reconsideration**

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989). Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J.

1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

      B.     **Scope of Discovery**

Although PSE&G argues that the Court overlooked controlling law in deciding the underlying discovery dispute, Third Circuit law in fact supports the Court's ruling.  To begin with, PSE&G's arguments about irrelevance are unavailing.  Though not without limits, the scope of permissible discovery under the Federal Rules of Civil Procedure is broad. Fed.R.Civ.P. 26(b)(1).  This holds especially true in Title VII cases, where "courts have been cautioned not to impose unnecessary limitations on discovery . . ." Kresefsky v. Panasonic Commc'n and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).  PSE&G argues alternately that the ordered discovery should not be allowed because the material and information would not be admissible at trial and because the broad statistical evidence sought has no bearing on Plaintiff's claim, which is grounded in a disparate treatment theory rather than disparate impact.  Our rules of civil procedure clearly state, however, that "[i]t is not ground for objection [to discovery] that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

The law of this jurisdiction provides that to establish a *prima facie* case of disparate treatment, a plaintiff must show that he is a member of a protected class, was qualified for an employment position, was not hired for that position, and was treated differently than similarly situated persons outside of the protected class. Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d

Cir. 1995); see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Information about the hiring and promotion of other individuals by Mr. Zarega and Mr. Hainthaler and the race of those individuals certainly appears, at the very least, reasonably calculated to lead to the discovery of evidence that would tend to prove that Plaintiff was treated differently than other similarly-situated people belonging to a non-protected class.  Given the nature of the evidence required to prove discrimination, the discovery parameters in a Title VII case must be broader than the specific, individualized facts upon which a plaintiff's claims are based.  Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55 (D.N.J. 1985); see also Finch v. Hercules, Inc., 149 F.R.D. 60, 63 (D.Del. 1993); Hardrick v. Legal Svcs. Corp., 96 F.R.D. 617, 618 (D.D.C. 1983).

  Of course, the discovery must be tailored to the claims, and appropriate limits may be placed on the scope of information that a plaintiff may obtain.  Robbins, 105 F.R.D. at 56.  In this case, the discovery requests embodied in the Court's October 13 Order are focused on the type of discrimination alleged (race), the type of action by which plaintiff was allegedly aggrieved (hire and/or promotion), and employment decisions made by the two department managers who interviewed Plaintiff.  See, generally, id. (discussing appropriate limits on discovery in employment discrimination actions and citing supporting cases).  Thus, PSE&G's position that the ordered discovery is overbroad is untenable.

  Moreover, PSE&G's attempt to cast the subject discovery for "statistical evidence" as irrelevant based on a distinction between disparate treatment and disparate impact claims contravenes Third Circuit precedent.  Our courts have held that statistical evidence is relevant under either theory.  Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 542 (3d Cir.

5

1992), cert. denied, 510 U.S. 826 (1993); Robbins, 105 F.R.D. at 55-56. "Statistical evidence of an employer's pattern and practice with respect to minority employment may be relevant to a showing of pretext." Ezold, 983 F.2d at 542 (citing McDonnell Douglas, 411 U.S. at 805).

Courts dealing with disparate treatment claims have also held that limitations as to the time period for which discovery is sought are appropriate. Kresefsky, 169 F.R.D. at 65; Finch, 149 F.R.D. at 65; Robbins, 105 F.R.D. at 56; Hardrick, 96 F.R.D. at 619. In this case, PSE&G contends that the limitation set by the Court – ordering the production of information for ten years preceding the adverse employment decision at issue – is too broad. Courts have recognized the relevance of a defendant's conduct in the years prior to the event in question and have "commonly extended the scope of discovery to a reasonable number of years prior to the defendant's alleged illegal action." Robbins, 105 F.R.D. at 63 (citing McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 63 (E.D.Pa. 1979)). In fact, courts have permitted discovery for periods after the alleged discrimination. Id.; Kresefsky, 169 F.R.D. at 65; Milner v. Nat'l School of Health Tech., 73 F.R.D. 628 (E.D.Pa. 1977). Defendant has not pointed to any law overlooked by the Court that would persuade the Court to alter the discovery time period set in the October 13 Order.

In sum, PSE&G has failed to satisfy the standard governing motions for reconsideration. It has not demonstrated that the Court overlooked any controlling legal authority or that reconsideration is necessary to correct a clear error of law. The standard of review for a motion for reconsideration is high, and relief is granted very sparingly. See NL Indus., Inc., 935 F. Supp. at 516. PSE&G has not satisfied the Court that it is entitled to such extraordinary relief.

Accordingly, the instant motion will be denied.

**III.   CONCLUSION**

      For the foregoing reasons, the Court denies PSE&G's motion for reconsideration.

An appropriate form of Order will be filed together with this Opinion.


                                                 s/ Stanley R. Chesler
                                              STANLEY R. CHESLER
                                        United States District Judge

DATED: January 24, 2007